IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A-KINBO JIHAD-SURU HASHIM a/k/a JOHN
D. TIGGS, JR.; EZRA C. MARTIN, DEMETRIUS
L. ROBERTSON; DANIEL L. SMITH; RONALD E. JACKSON;
AL ROY CURTIS; DERRICK SANDERS; ERIC M.
WASHINGTON; DONALD C. LEE; MICHAEL S.
JOHNSON; JAMES PRICE; RUFUS LYNCH;
TONY EPPENGER; MICHAEL A. SCIORTINO;
ROBERT E. SALLIE; RAYNARD JACKSON;
CORNELIOUS MADDOX; AMOS T. CRAIG;
TIMOTHY REED; SAMMY J. GATES;
JONATHAN P. COLE; EZRA C. MARTIN, JR.;
 RODOSVALDO POZO;                                                                                    ORDER
NORMAN C. GREEN, JR.; EUGENE CHERRY;
STANLEY FELTON; LAMONT BROWN; DENNIS JONES-EL;        01-C-314-C
GLENN TURNER; and ALPHONCY DANGERFIELD,

                            Plaintiffs,
          v.

WARDEN GERALD A. BERGE and
ATTORNEY GENERAL JAMES E. DOYLE, JR.,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case filed in April 2001, dozens of pro se prisoners at what was then called the Supermax Correctional Institution challenged the validity of a practice of taking DNA cheek swabs from prisoners. In an order dated September 24, 2001, dkt. #6, I concluded that plaintiffs failed to state a claim upon which relief may be granted and I directed the clerk of court to enter judgment in favor of defendants. Dkt. #6. In accordance with 28 U.S.C. §

1

1915(g), I recorded a "strike" against each of the plaintiffs. (Under § 1915(g), if a prisoner files three cases that are dismissed for failure to state a claim upon which relief may be granted, he must prepay the full filing fee for any subsequent cases unless he is in imminent danger of serious physical injury.). The Court of Appeals for the Seventh Circuit affirmed the decision. Green v. Berge, 354 F.3d 675 (7th Cir. 2004).

One of the plaintiffs, Raynard Jackson, has written the court a letter in which he says that he did not intend to be a plaintiff in this case, that his signature on the complaint was forged and that he did not even know about the case until recently when a paralegal at his prison informed him about it. He asks the court to "remov[e]" him from the case. Dkt. #34.

I construe Jackson's letter as a motion to vacate the judgment under Fed. R. Civ. P. 60(b) and dismiss him from the case. I am denying the motion because the record does not support his allegation that he was unaware of the lawsuit until now.

First, Jackson says that his name was forged on the complaint, but the complaint is not the only document that indicates Jackson's intent to be a plaintiff in the lawsuit. When the lawsuit was first filed, the court asked each of the prisoners named in the complaint to submit an affidavit of indigency and a trust fund account statement. The court received both documents from Jackson, along with the following signed statement: "I was forced to give a DNA sample against my will, so I am a co-petitioner of this petition!" (A copy of these documents are attached to this order.) The signatures on these documents are similar to Jackson's signatures in Jackson v. Gerl, No. 07-cv-656-bbc (W.D. Wis.), a case that

2

Jackson acknowledges he filed in this court. Even if I were to assume that these documents are forged as well, I am not aware of a way that a prisoner may obtain a trust fund account statement of another prisoner.

Second, this court issued several orders in this case that were sent to all of the plaintiffs listed in the complaint. Dkt. ##1, 2, 3, 4, 6, 7, 8. It seems highly unlikely that none of these orders would have reached Jackson as intended. Third, none of the other 30 prisoners named in the caption has alleged that he did not intend to be a plaintiff in this case. If plaintiff's signature had been forged, it would be surprising that his was the only one on a complaint with so many other prisoners.

Finally, the timing of Jackson's request is suspicious. Documents filed with Jackson's request show that he recently received two strikes in the Eastern District of Wisconsin. If those strikes are combined with the strike from case no. 01-cv-314-bbc, Jackson has received three strikes, which means he is now subject to the filing restrictions under 28 U.S.C. § 1915(g). Dkt. #35-1. Although Jackson says that case no. 01-cv-314-bbc "has never appeared on [his] record until 8/7/14," dkt. #35, the evidence he cites to support that allegation shows only that, in 2012, he requested a certification from the Department of Corrections that he had not received three strikes. He does not provide any documents provided by a court or prison staff showing that case no. 01-cv-314-bbc had not been counted as a strike until now.

This court stated in its September 24, 2001 order, dkt. #6, that each of the plaintiffs would receive a strike in accordance with § 1915(g), so there is no reason that case no. 01-cv-

3

314-bbc should have been excluded from a strike list after 2001 and I am aware of no reason why the case would have appeared suddenly on a strike list this year. Until Jackson filed his letter, there had been no filings or orders in this case since 2004.

In sum, Jackson has not shown that he is entitled to the extraordinary remedy of vacating a judgment that is nearly thirteen years old so that he can be dismissed from the case. Accordingly, I am denying his motion.

ORDER

IT IS ORDERED that plaintiff Raynard Jackson's motion under Fed. R. Civ. P. 60(b) to vacate the judgment and be dismissed from the case, dkt. #34, is DENIED.

Entered this 2d day of September, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge