IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A-KINBO JIHAD-SURU HASHIM a/k/a JOHN
D. TIGGS, JR.; EZRA C. MARTIN, DEMETRIUS
L. ROBERTSON; DANIEL L. SMITH; RONALD E. JACKSON;
AL ROY CURTIS; DERRICK SANDERS; ERIC M.
WASHINGTON; DONALD C. LEE; MICHAEL S.
JOHNSON; JAMES PRICE; RUFUS LYNCH;
TONY EPPENGER; MICHAEL A. SCIORTINO;
ROBERT E. SALLIE; RAYNARD JACKSON;
CORNELIOUS MADDOX; AMOS T. CRAIG;
TIMOTHY REED; SAMMY J. GATES;
JONATHAN P. COLE; EZRA C. MARTIN, JR.;
 RODOSVALDO POZO;                                              ORDER
NORMAN C. GREEN, JR.; EUGENE CHERRY;
STANLEY FELTON; LAMONT BROWN; DENNIS JONES-EL,      01-C-314-C
GLENN TURNER; and ALPHONCY DANGERFIELD,

                                  Plaintiffs,

                   v.

WARDEN GERALD A. BERGE and
ATTORNEY GENERAL JAMES E. DOYLE, JR.,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se prisoner Raynard Jackson has filed a motion for reconsideration of the order

denying his motion to vacate the 2001 judgment in which I dismissed this case for failure

to state a claim upon which relief may be granted and assessed a "strike" to each of the

plaintiffs as required by 28 U.S.C. § 1915(g).  Plaintiff alleged in his first motion that he had

never intended to be a plaintiff in this case, that another prisoner had forged his signature

1

on the complaint and that he did not find out that he had been included as a plaintiff until recently when a paralegal at his prison informed him about it.

In an order dated September 2, 2014, dkt. #37, I denied Jackson's motion because he failed to show that he had been unaware of the lawsuit until now.  In particular, I noted that:  (1) the court had received a trust fund account statement from Jackson for this case; (2) the signature on the letter accompanying the trust fund account statement matched Jackson's signature on documents that he filed in <u>Jackson v. Gerl</u>, No. 07-cv-656-bbc (W.D. Wis.); and (3) the court had sent Jackson several orders issued in this case shortly after it was filed, which would have given him notice that he had been included in the lawsuit.

In his new motion, plaintiff makes a number of arguments, but none of them address the court's reasoning.  First, Jackson says that another prisoner prepared his affidavit of indigency in case no. 07-cv-656-bbc.  To the extent Jackson means to argue that the signature on the affidavit of indigency is not his, that would not explain why the signature in the letter accompanying the trust fund account statement in case no. 01-cv-314-bbc matches the signatures on several documents attached to his complaint in case no. 07-cv-656-bbc, such as Interview/Information Requests.

Second, plaintiff says that the trust fund account statement included in case no. 01-cv-314-bbc was intended to be filed in <u>Jones 'El v. Berge</u>, Case No. 00-cv-421-bbc, but that makes no sense.  The trust fund account statement was sent with a letter related to case no. 01-cv-314-bbc; there is no mention of case no. 00-cv-421-bbc.  Further, there would have been no reason for Jackson to send the court a trust fund account statement in case no. 00-

cv-421-bbc.  Jackson was not a named plaintiff in that case, the court never requested a statement from Jackson related to that case and by the time Jackson sent his statement to the court (May 2001), case no. 00-cv-421-bbc was already proceeding as a class and was represented by counsel.

Third, Jackson has submitted documents he received from the Wisconsin Department of Justice, which he says show that he had "no strikes" under 28 U.S.C. § 1915(g) as of 2007 and 2012.  However, those documents show only that plaintiff did not have *three* strikes at the time.  Dkt. #39-1 ("The Wisconsin Department of Justice has no records showing that this offender has three or more of dismissals within the meaning of Wis. Stat. § 801.02(7)(d).").  The documents did not "itemize" each strike that plaintiff had.  In any event, in September 2001, this court sent Jackson a copy of the order dismissing the case and issuing a strike to each plaintiff under § 1915(g), so he would have received notice of the case and the strike then.

Finally, Jackson includes a question at the end of his motion regarding the type of conditions that qualify as an "imminent danger" to a prisoner.  However, federal courts may not provide advice on substantive legal questions.  Rather, courts are limited to resolving disputed factual and legal questions in the context of a pending case.  If Jackson believes he is imminent danger, he should file a proposed complaint in which he alleges facts supporting that belief.

ORDER

IT IS ORDERED that Raynard Jackson's motion for reconsideration, dkt. #39, is

DENIED.

Entered this 6th day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge